IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK ROBINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH COUNTY, NEBRASKA, political subdivision; OGALLALA NEBRASKA, political entity in Keith County; COUNTY ATTORNEY RANDY FAIR, and CHRISTOPHER NIELSEN, Police Officer;<br><br>    Defendants. | **8:24CV18**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Kirk Robinson's Complaint filed on January 18, 2024. Filing No. 1. Plaintiff is incarcerated within the Tecumseh State Correctional Institution (TSCI) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). For the reasons discussed below, Plaintiff's claims must be dismissed.

### I.   SUMMARY OF COMPLAINT

Plaintiff has sued Keith County, Nebraska; Ogallala, Nebraska; Randy Fair; and Christopher Nielsen. Plaintiff seeks punitive damages from the defendants. Filing No. 1 at 5. Plaintiff alleges the following as his "Statement of Claim":

Plaintiff alleges that in October of 2018, Charlotte Johnson contacted law enforcement and reported that she found a gun in her vehicle. When Nielsen, an Ogallala police officer, arrived at Johnson's home in response to

the call, Johnson stated she gave her gun to Plaintiff, and he planted it in Johnson's vehicle. Johnson's boyfriend, a felon, was present when Nielsen arrived at Johnson's home. Nielsen allowed the boyfriend to leave the scene. Filing No. 1 at 14.

In March of 2019, Fair, a Keith County prosecutor, charged Plaintiff with tampering with evidence. That charge was dismissed when Plaintiff accepted a plea deal. Plaintiff alleges Nielsen and Fair chose to charge him, but they did not charge Johnson's boyfriend for being a felon in possession. Plaintiff alleges his rights were violated because Fair coerced him into accepting a plea deal and Nielsen failed to equally enforce the law. Filing No. 1 at 15.

Plaintiff claims Fair and Nielsen caused his incarceration, and while in in prison, he has been assaulted, subjected to poor medical care, and has developed PTSD and other conditions. He demands punitive damages. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the

2

line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

42 U.S.C. § 1983 does not contain a statute of limitations, so "federal law looks to the law of the State in which the cause of action arose" and applies the analogous limitations period. *Summers v. Curd*, 2025 WL 1000799, at *3 (D. Neb. 2025) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Neb. Rev. Stat. § 25-207 creates a four-year limitation period for "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated."

3

Here, Plaintiff's claims needed to be filed no later than four years after the claims accrued. *Blair v. Dory*, 2014 WL 3585307, at *1 (Neb. App. 2014).[1]

Based on Plaintiff's allegations, Nielsen's alleged misconduct occurred in October 2018, and Fair's occurred in March of 2019. Plaintiff's complaint was filed on January 18, 2024, more than four years after Nielsen's and Fair's conduct occurred. Plaintiff's claims are barred by the statute of limitations.

Even had Plaintiff timely filed his complaint, his allegations fail to state a claim against any of the defendants.

When seeking § 1983 recovery from a governmental entity, such as Keith County, Nebraska, or Ogallala, Nebraska, the plaintiff must identify a governmental policy or custom that caused the plaintiff's alleged injury. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). And even if an unconstitutional policy or custom is alleged, the entity cannot be held liable absent a threshold finding of individual liability on the underlying substantive claim. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Plaintiff's complaint does not allege that Keith County or Ogallala had a policy or custom that caused Plaintiff's injury. Plaintiff's claims against Keith County, Nebraska, and Ogallala, Nebraska must be dismissed.

Plaintiff has sued Fair, alleging Fair treated him unfairly by choosing to prosecute him and not Johnson's boyfriend and, in conjunction with Buffalo County, coercing him into accepting a plea deal. To the extent Plaintiff is claiming his conviction should be set aside because the guilty plea was coerced, he is stating a habeas claim and is barred from asserting that claim in this

---

[1] Robinson's allegations are best described as selective enforcement or selective prosecution claims. Nebraska has no specific statute of limitations for such claims. They could be described as analogous to common law false arrest or abuse of process claims which must be filed within four years under Nebraska law. But the claims are arguably analogous to malicious prosecution claims. Those claims must be filed within one year under Nebraska law. *Blair v. Dory*, 2014 WL 3585307, at *1 (Neb. App. 2014). In either case, Plaintiff's claims were untimely filed.

4

lawsuit under *Heck v. Humphrey*, 512 U.S. 477 (1994). As to choosing to prosecute Plaintiff and not Johnson's boyfriend, Plaintiff has not alleged any discriminatory motive.

Moreover, when a prosecutor is acting as advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)). Since prosecutorial immunity depends on the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (quoting *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds*, *Burns v. Reed*, 500 U.S. 478 (1991)). Even had Plaintiff's complaint been timely filed, Plaintiff's claims against Fair must be dismissed as barred by prosecutorial immunity.

Plaintiff claims Nielsen did not perform his duty when he failed to arrest Johnson's boyfriend. Since Plaintiff entered a plea of guilty to a criminal charge, he cannot plausibly claim he was wrongfully arrested. And Plaintiff was not injured by Nielsen's failure to arrest Johnson's boyfriend, so he has no standing to allege Nielsen should have performed that arrest. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Even assuming Plaintiff has standing, he is apparently claiming he was wrongfully singled out for arrest. To make that claim, he must allege Nielsen's enforcement of the law had a discriminatory effect and that the enforcement was motivated by a discriminatory purpose. *Gilani v. Matthews*, 843 F.3d 342, 347–48 (8th Cir.

5

2016). His complaint does not include these allegations. So, had Plaintiff's complaint been timely filed, his claims against Nielsen would nonetheless be dismissed for failure to state a claim.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint does not state a claim against any of the defendants, and his claim against Fair is also barred by prosecutorial immunity. Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 8th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6